UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT VINES, JR.,

          Plaintiff,

    -vs-                                        Case No. 14-CV-279

DAVID BETH, HEALTH SERVICES UNIT,
KENOSHA COUNTY JAIL,
KENOSHA COUNTY DETENTION CENTER,
JANE AND JOHN DOES, Jail Doctors, nurse practitioners,
nurses and psych doctors at Kenosha County Jail and
Kenosha County Detention Center,
and KENOSHA COUNTY,

          Defendants.

## SCREENING ORDER

The plaintiff, who was previously confined at the Kenosha County Detention Center, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's petition to proceed *in forma pauperis*. He lacks funds to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such

relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, the plaintiff began serving a six-month sentence at the Kenosha County Jail on February 8, 2014. He was granted "Huber and work crew" and was accepted to the work crew on February 10, 2014. The plaintiff is schizophrenic and

3

suffers from chronic lower back pain. He asked for medication for his pain and because he was hearing voices. The Jail nurse did not provide the plaintiff with medication. The Jail doctor took him off of the work crew due to being schizophrenic and having lower back pain.

The plaintiff claims that he is disabled and otherwise qualified to participate in the work crew but, based on his disability, was excluded in violation of the Americans with Disabilities Act. He also claims that the defendants were deliberately indifferent to his serious medical needs and negligent based on their failure to provide pain medication or to change or increase his "psych med." The plaintiff further claims that he was retaliated against for the exercise of his constitutional right to request medical treatment by taking him off the work crew. He seeks injunctive relief and monetary damages.

At this stage of the proceedings, the plaintiff may proceed on his claims as set forth above. The plaintiff will need to use discovery to identify the Doe defendants who were personally involved in his claims. Defendant David Beth, who is the Kenosha County Sheriff, may remain as a named defendant until the plaintiff is able to identify the defendants who were personally involved. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 & n.3 (7th Cir. 1996).

However, defendants Health Services Unit, Kenosha County Jail, and Kenosha Count Detention Center will be dismissed because they are not suable entities under § 1983. In addition, Kenosha County will be dismissed because there is no indication that the plaintiff's claims were the result of a county custom, policy, or practice. *See Monell v. Dep't*

4

*of Soc. Servs. of New York*, 436 U.S. 658, 690-92 (1978).

### Request for Preliminary Injunction

The complaint seeks a preliminary injunction to allow the plaintiff on the work crew. However, on April 23, 2014, the plaintiff notified the Court that he is no longer incarcerated at the Kenosha County Detention Center. His new residence is a street address in Kenosha, Wisconsin. Thus, the plaintiff's request for a preliminary injunction will be denied as moot. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011).

### **ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for a preliminary injunction is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants Health Services Unit, Kenosha County Jail, Kenosha County Detention Center, and Kenosha County are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the named defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the

U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the plaintiff shall pay the full filing fee ($350.00) to the Clerk of Court.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must

notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2014.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**